IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN

| | | |
|---|---|---|
| DANIEL MELLENTHIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | Case No. 4:26-CV-01619 |
| BRIANN REALTY, L.L.L.P., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

COMES NOW, DANIEL MELLENTHIN, by and through the undersigned counsel, and files this, his Complaint against Defendant, BRIANN REALTY, L.L.L.P., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

**JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

**PARTIES**

2. Plaintiff, DANIEL MELLENTHIN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in St. Louis, Missouri (City of St. Louis).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

5. Plaintiff uses a wheelchair for mobility purposes.

6. In addition to being a customer of the public accommodation on the Property, Plaintiff is also an independent advocate for the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to demonstrate the plausibility of Plaintiff returning to the Property within six months after the barriers to access identified in this Complaint are removed in order to strengthen the already existing standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property. ("Advocacy Purposes").

7. Defendant, BRIANN REALTY, L.L.L.P. (hereinafter "BRIANN REALTY, L.L.L.P."), is a domestic limited liability limited partnership that transacts business in the State of Missouri and within this judicial district.

8. Defendant, BRIANN REALTY, L.L.L.P., may be properly served with process for service via its Registered Agent, to wit: c/o Kristine Finlay, Registered Agent, 13060 Wheatfield Farm Rd., Saint Louis, MO 63141-8548.

**FACTUAL ALLEGATIONS**

9. On or about May 28, 2026, Plaintiff was a customer at "Wan Fu Asian" an Asian restaurant located at 12033 Manchester Rd., Des Peres, MO 63131 referenced herein as "Wan Fu Asian". Attached is a receipt documenting Plaintiff's purchase. See Exhibit 1. Also attached is

a photograph documenting Plaintiff's visit to the Property. See Exhibit 2.

10. Plaintiff lives 11 miles from the Property.

11. Given the close vicinity of the Property to the Plaintiff's residence, Plaintiff often travels by the Property. The May 28, 2026, visit as a customer by Plaintiff is his second visit to the Property as a customer.

12. Defendant, BRIANN REALTY, L.L.L.P., is the owner or co-owner of the real property and improvements that Wan Fu Asian is situated upon and is the subject of this action.

13. Defendant, BRIANN REALTY, L.L.L.P., as property owner, is responsible for complying with the ADA for both the exterior portions and interior portions of the Property. Even if there is a lease between Defendant, BRIANN REALTY, L.L.L.P. and the tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendant's independent requirement to comply with the ADA for the entire Property it owns, including the interior portions of the Property which are public accommodations. See 28 CFR § 36.201(b).

14. Plaintiff's access to the business(es) located 12033 Manchester Rd., Des Peres, MO 63131, St. Louis County Property Appraiser's identification number: 22N410718 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, BRIANN REALTY, L.L.L.P., is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

15. Plaintiff has visited the Property twice before as a customer and advocate for the disabled. Plaintiff intends to revisit the Property within six months, likely sooner, after the barriers

to access detailed in this Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a return customer of Wan Fu Asian, to determine if and when the Property is made accessible and for Advocacy Purposes.

16. Plaintiff intends on revisiting the Property to purchase food, goods, and services as a return customer living in the near vicinity as well as for Advocacy Purposes but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access, as such, Plaintiff is deterred from returning to the Property as a customer until after the barriers to access are removed.

17. Plaintiff travelled to the Property twice before as a customer and as an independent advocate for the disabled, personally encountered many barriers to access the Property that are detailed in this Complaint, engaged many barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury if all the illegal barriers to access present at the Property identified in this Complaint are not removed.

18. Plaintiff encountered all identified barriers prior to filing the Complaint and because Plaintiff intends on revisiting the Property as a customer and advocate for the disabled within six months or sooner after the barriers to access are removed, all barriers to access identified in the Complaint must be removed in order to ensure Plaintiff will not be exposed to barriers to access and legally protected injury.

19. Plaintiff's inability to fully access the Property and the public accommodation within in a safe manner and in a manner which inhibits the free and equal enjoyment of the goods and services offered at the Property, both now and into the foreseeable future, constitutes an injury

in fact as recognized by Congress and is historically viewed by Federal Courts as an inquiry in fact.

**COUNT I**
**VIOLATIONS OF THE ADA AND ADAAG**

20. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

21. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

25. The Property is a public accommodation and service establishment.

26. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

28. The Property must be, but is not, in compliance with the ADA and ADAAG.

29. Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access,

dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30. Plaintiff intends to visit the Property in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Defendant, BRIANN REALTY, L.L.L.P., has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

32. Defendant, BRIANN REALTY, L.L.L.P., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, BRIANN REALTY, L.L.L.P., is compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

33. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff encountered and engaged prior to the filing of this Complaint, that

precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS**

(i) The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. There are 185 marked parking spaces at the Property which require a minimum of six (6) accessible parking spaces, but there are only four accessible parking spaces. This barrier to access would make it difficult for Plaintiff to locate an available accessible parking space as such a small number of accessible parking spaces in a large parking lot increases the likelihood of there not being an available accessible parking space.

(ii) In front of Unit 12085, the accessible parking space is missing an identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space.

(iii) In front of Unit 12085, due to a lack of parking lot maintenance, the parking stop is protruding into the accessible parking space creating an approximate 4-inch vertical rise in the accessible parking space, in violation of Sections 303.2 and 502.4 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to safely traverse from the accessible parking space to the accessible entrance as the tire of the wheelchair could get snagged on a vertical rise causing it to tip. At a minimum, this danger causes Plaintiff anxiety just for using this accessible parking space

(iv) In front of Unit 12085, due to the placement of a parking stop in the access aisle, this parking stop encourages a vehicle to park in the access aisle in violation of Section 502.3.3 of the 2010 ADAAG Standards. This barrier to access would make it difficult for Plaintiff to leave a vehicle when parked in this accessible parking space as it increases the likelihood another vehicle will be parked in the access aisle which would not leave enough room for Plaintiff to exit their vehicle.

(v) In front of Unit 12085, the access aisle has a sign that says, "Des Peres Center Customers Only." By having a sign in front of an access aisle which states "Des Peres Center Customers Only" this would cause a reasonable individual to believe that they could park in the access aisle containing this space, eliminating it as usable access aisle for the adjacent accessible parking space. As a result, the accessible parking space does not have a usable access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This barrier to access makes it nearly impossible for an individual in a wheelchair to enter and exit their vehicle at this accessible parking space due to the close presence of parked vehicles on either side of the accessible parking space not providing enough room for the wheelchair, this eliminates the accessible route from this accessible parking space.

(vi) In front of Unit 12085, due to the lack of a nearby accessible ramp coupled with an approximate 2-inch vertical rise in the form of a curb, the Property lacks an accessible route from the accessible parking space to the accessible entrance of the Property in violation of Section 208.3.1 of the 2010 ADAAG standards.

This barrier to access would make it difficult for Plaintiff to access the units of the Property.

(vii) Adjacent to Unit 12035, due to a failure to enact an adequate policy of property maintenance, there is an opening in the ground surfaces with a width exceeding 1 ½ inches which would potentially cause the wheel of Plaintiff's wheelchair to get stuck in the gap and increasing the potential for Plaintiff's wheelchair to tip over in violation of Section 302.3 of the 2010 ADAAG Standards.

(viii) Adjacent to Unit 12023, the surfaces of the accessible route have a slope in excess of 1:20 in violation of Section 403.3 of the 2010 ADAAG standards. As the accessible route is in excess of 1:20, it is considered an accessible ramp, moreover, it has a total rise greater than six (6) inches yet does not have handrails in compliance with Section 505 of the 2010 ADAAG standards, this is a violation of Section 405.8 of the 2010 ADAAG Standards. This barrier to access would make it difficult for Plaintiff to access the units of the Property as ramps are often more difficult for disabled individuals to traverse and require handrails on both sides so that the disabled individual can use the handrail to assist them up the sloped surface.

(ix) There are no accessible parking spaces on the Property that have a sign designating an accessible parking space as "Van Accessible" in violation of Section 208.2.4 of the 2010 ADAAG standards and Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate a van accessible parking space.

(x) Adjacent to Unit 12015, the bottom edge of the sign identifying the accessible parking space is at a height below 60 inches from the floor in violation of Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space.

(xi) On the northern side of the Property are two accessible parking spaces that are not on an accessible route and therefore in violation of section 208.3.1 of the 2010 ADAAG Standards. The barrier would make it very difficult for Plaintiff to utilize these two accessible parking spaces as there is no access route to the public accommodations from these accessible parking spaces.

(xii) On the northern side of the Property, the accessible parking spaces are missing an access aisle in violation of section 502.3 of the 2010 ADAAG Standards. This barrier would make it nearly impossible for Plaintiff to enter and leave his vehicle from these accessible parking spaces due to the fact that, without an access aisle, there is no room for his wheelchair due to parked vehicles on either side.

(xiii) Inside Wan Fu Asian, the vertical reach to the self-serve soda dispensers exceeds the maximum allowable height of 48 (forty-eight) inches above the finish floor or ground in violation of Section 308.3.1 of the ADAAG standards. This barrier to access would make it difficult for Plaintiff to reach the actionable mechanism of the drink dispenser due to the fact individuals in wheelchairs are seated and have lower reach ranges than individuals who stand.

(xiv) Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**WAN FU ASIAN RESTROOMS**

(xv) Restrooms have a sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom sink as Plaintiff is seated in a wheelchair and, when seated, Plaintiff's feet and legs protrude out in front. In order to properly utilize a sink, Plaintiff's legs must be able to be underneath the surface of the sink, but due to the improper configuration of the sink, there is no room underneath for Plaintiff's legs and feet.

(xvi) Restrooms have fixtures with inadequate clear floor space in violation of Sections 606.2, 603.2 and 604.3 of the 2010 ADAAG standards. Specifically, the soap dispenser lacks clear floor space. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xvii) The interior of the restroom stall has a clear turning space of less than 60 inches in diameter. As a result, the accessible toilet stall lacks the required size and turning clearance as required in Section 604.8.1.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff's wheelchair to fit into and maneuver within the toilet stall.

(xviii) The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is missing. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely transfer from the wheelchair to the toilet and back

to the wheelchair.

(xix) The clear floor space of the lavatory is blocked by walls and a nearby shelf, in violation of Section 606.2 of the 2010 ADAAG standards. This barrier to access would make it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xx) The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the side bar is not 42 inches in length. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely transfer from the wheelchair to the toilet and back to the wheelchair.

(xxi) The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5.1 of the 2010 ADAAG standards as the side bar is located more than 12” from the rear wall. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely transfer from the wheelchair to the toilet and back to the wheelchair.

(xxii) The toilet paper dispenser serving the accessible toilet is not positioned seven to nine inches in front of the toilet and therefore is in violation of Section 604.7 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to utilize the toilet due to the fact the toilet paper dispenser is at an improper distance from the toilet, given Plaintiff’s disability, Plaintiff would not be able to get up and reach the toilet paper.

(xxiii) The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This barrier to access would make it difficult for

Plaintiff and/or any disabled individual to locate accessible restroom facilities.

34. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

35. Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

36. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

37. All of the violations alleged herein are readily achievable to modify to bring the Property into compliance with the ADA as the modifications necessary to cure the barriers to access identified in paragraph 33 of this Complaint are listed in 28 C.F.R. § 36.304 as "readily achievable".

38. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

39. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant, BRIANN REALTY, L.L.L.P., has the financial resources to make the necessary modifications. According to the Property Appraiser, the Appraised value of the Property is $4,116,300.00.

40. The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendant has available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction from the IRS for spending money on accessibility modifications.

41. Upon information and good faith belief, the Property has been altered since 2010.

42. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, BRIANN REALTY, L.L.L.P., is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

44. Plaintiff's requested relief serves the public interest.

45. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant, BRIANN REALTY, L.L.L.P.

46. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant, BRIANN REALTY, L.L.L.P., pursuant to 42 U.S.C. §§ 12188 and 12205.

47. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant, BRIANN REALTY, L.L.L.P., to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, BRIANN REALTY, L.L.L.P., in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant, BRIANN REALTY, L.L.L.P., from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendant, BRIANN REALTY, L.L.L.P., to (i) remove the physical barriers to access and (ii) alter the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: October 8, 2026

Respectfully submitted,

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
State Bar No. 54538FL
The Schapiro Law Group, P.L.
7284 W Palmetto Park Road, Suite 101 PMB 93
Boca Raton, FL 33433-3406
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com